UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

UNITED STATES OF AMERICA,

-v-

JASON NISSEN,
         Defendant.

17 Cr. 477 (PAE)

ORDER

------------------------------------------------------------

PAUL A. ENGELMAYER, District Judge:

  The Court has received an application from counsel for defendant Jason Nissen seeking Nissen's compassionate release from FCI Otisville pursuant to 18 U.S.C. § 3582(c), in light of the risk that the COVID-19 pandemic presents for inmates.

  On September 6, 2019, the Court sentenced Nissen to 27 months' imprisonment for defrauding at least five victims of more than $70 million in loans that he claimed were being used to grow his ticket resale business but were in fact used largely to pay down old debt he could not otherwise afford to service.[1] The fraud eventually unraveled, Nissen's business failed, and the lenders were left with massive losses. On November 7, 2019, Nissen self-surrendered and began serving his sentence. He has been incarcerated since that time. Nissen's estimated release date is October 7, 2021.

  On May 15, 2020, Nissen filed a letter motion seeking a modification of his sentence on grounds relating to the COVID-19 pandemic. Dkt. 102 ("Def. Mem."). Nissen asks the Court to modify his sentence to enable him serve the remainder of his prison term—approximately 17

---

[1] A forensic accounting commissioned by the Court and supervised by the Government determined that approximately $1 million of this money was used by Nissen for personal expenses. *See* Dkt. 76 ("Sentencing Tr.") at 7.

months—in home confinement. *Id.* He argues both that he suffers from medical conditions that heighten his vulnerability to COVID-19 and that, in his absence, two of his three young daughters "are experiencing severe and debilitating medical and emotional problems." *Id.* at 1.

On May 20, 2020, the Government filed its letter in opposition. Dkt. 104 ("Gov't Opp'n"). It opposes Nissen's early release for reasons including that Nissen has not properly exhausted his administrative remedies, that he has yet to serve the bulk of his sentence, that his offense was serious, and that his health conditions are not so severe as to warrant a reduction in his sentence. *Id.* The Government also notes that at least two of Nissen's victims have become aware of his motion and oppose his early release. *Id.* at 13. On May 20, 2020, the Court received a letter from one of these victims, Taly USA Holdings, Inc., through counsel, expressing its opposition to Nissen's motion. *See* Dkt. 105. On May 21, 2020, Nissen filed a reply. Dkt. 106.

Under 18 U.S.C. § 3582(c)(1)(A), "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf," a court may reduce such defendant's sentence if it finds that "extraordinary and compelling circumstances warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

Here, the Government argues at the threshold that Nissen's motion should be denied because he has failed to exhaust his administrative remedies. Gov't Opp'n at 5–7. While the Government acknowledges that Nissen made a request to the warden at FCI Otisville more than 30 days ago, and that the BOP has not made a final decision, the Government argues that the sole

basis for that request was Nissen's daughters' wellbeing, not a COVID-related threat to Nissen's health.  Thus, the Government argues, to the extent Nissen now relies on both that basis and his own medical conditions "equally," *see* Def. Mem. at 1, Nissen must submit a new request to BOP and begin the administrative review process anew, Gov't Opp'n at 5–7.  This argument by the Government appears substantial.  Nevertheless, the Court need not rule on whether it does in fact preclude granting Nissen's motion, because the Court concludes that a reduction of Nissen's sentence is not supported by the "factors set forth in section 3553(a)." 18 U.S.C. § 3582(c)(1)(A).

Congress tasked the Sentencing Commission with identifying the circumstances that are sufficiently extraordinary and compelling to justify a reduction in sentence. *United States v. Ebbers*, — F. Supp. 3d —, No. (S4) 02 Cr. 1144-3 (VEC), 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020) (quoting 28 U.S.C. § 994(t)).  Relevant here, the Commission's policy statement and its corresponding commentary on § 3582(a)(1)(A) state that a court may reduce a sentence for "extraordinary and compelling reasons," including where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."[2] U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A).  The defendant must also not be a danger to the community and the reduction must be consistent with the Commission's policy statement. *Id.* § 1B1.13(2)–(3).

Nissen argues that the first of these factors favors his early release.  The COVID-19 pandemic is indeed extraordinary and unprecedented in modern times in this nation.  It presents a

---

[2] U.S.S.G. § 1B1.13(1)(A) references only "a motion of the Director of the Bureau of Prisons" because it has not yet been updated to reflect the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, which allows defendants independently to seek compassionate release relief from federal courts. *Ebbers*, 2020 WL 91399, at *1, 4.

clear and present danger to free society for reasons that need no elaboration. And the crowded nature of jails and prisons presents an outsize risk that the COVID-19 contagion, once it gains entry, will spread.[3] Recognizing that the realities of life as an inmate presents added challenges for a heightened-risk inmate who contracts the virus to care for himself, in the past two and a half months numerous courts, including this one, have ordered the temporary release of inmates held in pretrial or presentencing custody and, in more limited instances, the compassionate release of high-risk inmates serving federal sentences.[4]

However, the Court has considerable doubt whether Nissen is at heightened risk—whether he is materially more vulnerable to the effects of COVID-19 than an average (non-high-risk) inmate at FCI Otisville. Nissen points to several medical conditions including a cardiac condition. But, tellingly, he does not claim to have been identified by the Bureau of Prisons as an inmate at high or heightened risk from COVID, in contrast to nearly all the inmates whom this Court (and others) have

---

[3] *See* Timothy Williams, et al., *'Jails Are Petri Dishes': Inmates Freed as the Virus Spreads Behind Bars*, N.Y. Times (Mar. 30, 2020), https://www.nytimes.com/2020/03/30/us/coronavirus-prisons-jails.html; *see also United States v. Nkanga*, No. 18 Cr. 713 (JMF), 2020 WL 1529535, at *1 (citing *Interim Guidance on Mgmt. of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities*, Ctrs. for Disease Control and Prevention 2 (Mar. 23, 2020), https://www.cdc.gov/coronavirus/2019-ncov/downloads/guidance-correctional-detention.pdf) (highlighting danger faced by those in jails and prisons).

[4] *See, e.g., United States v. Jasper*, No. 18 Cr. 390 (PAE), Dkt. 441 (S.D.N.Y. April 6, 2020) (ordering compassionate release of defendant with an immune-inflammatory disease who had served all but 34 days of a 4-month sentence); *United States v. Hernandez*, No. 18 Cr. 834 (PAE), Dkt. 451 (S.D.N.Y. April 2, 2020) (ordering compassionate release of defendant with asthma who had served 17 months of a 24-month sentence and was scheduled for release in four months); *United States v. McKenzie*, No. 18 Cr. 834 (PAE), 2020 WL 1503669, at *2–3 (S.D.N.Y. Mar. 30, 2020) (granting bond pending sentencing, pursuant to 18 U.S.C. § 3145(c), to defendant who had pleaded guilty to single count of assault with a deadly weapon and had previously been released on bond); *United States v. Perez*, No. 19 Cr. 297 (PAE), 2020 WL 1329225, at *1 (S.D.N.Y. Mar. 19, 2020) (granting bail application, pursuant to § 3142(i), of 65-year-old defendant with COPD, in light of "unique confluence of serious health issues and other risk factors facing this defendant, . . . which place him at a substantially heightened risk of dangerous complications should [he] contract COVID-19").

deemed worthy of early release since the start of the pandemic. And the Government, which disputes the seriousness of these conditions, notes that neither the BOP medical files nor Nissen's presentence report, which attempted comprehensively to canvass his medical history, refers to them. Further, the Government notes that Nissen, in applying to the BOP for release, did not mention any of these conditions. On this point, too, the Court is skeptical of Nissen's factual basis for claiming heightened vulnerability to COVID-19.

In the end, however, the Court need not rely on this point, either. That is because, even assuming *arguendo* that Nissen's medical conditions were sufficient to supply a factual basis for compassionate release under § 3582(c)(1)(A), a reduction in his sentence is not supported by the § 3553(a) factors. That factor is dispositive here.[5] The Court finds that reducing Nissen's 27-month sentence to a sentence of less than seven months would yield an overall sentence that, far from being consistent with the "factors set forth in section 3553(a)" as § 3582(c)(1)(A) requires, would be highly inconsistent with those factors. These factors include "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law . . . to provide just punishment for the offense . . . [and] to afford adequate deterrence to criminal conduct," 18 U.S.C. § 3553(a). In Nissen's case, the Court imposed a sentence far below the Guidelines range of 97–121 months imprisonment. But it was unable to find reasonable a sentence lower than 27 months, in light of, *inter alia*, the scale, duration, gravity, and at points sophistication of Nissen's fraud. *See* Sentencing Tr. at 55. In light of these factors, the Court stated at sentencing, "there is simply some level below which a sentence simply cannot go lest it not reflect just

---

[5] As to the § 3582(a)(1)(A) requirement that the defendant seeking release not be a danger to the community, that factor favors Nissen. The Court stated at sentencing, and remains of the view, that Nissen, if released, would likely not pose a danger to the community. *See* Sentencing Tr. at 62–63. The Government does not contend otherwise.

punishment." *Id.*; *see also id.* at 69–70. The interest in just punishment would be badly disserved by cutting Nissen's sentence for carrying off a $70 million fraud to, as he proposes, under a year's imprisonment.

Nissen's case stands in sharp contrast to those in which the Court has ordered the release of heightened-risk inmates. In a number of cases where an inmate seeking release had served most of his or her term of incarceration, this Court has found that a fresh assessment of the § 3553(a) factors justified early release.[6] Nissen, however, is not close to the midway point of his sentence. The vast majority of his sentence is ahead of him. In these circumstances, his release now would neuter the sentence the Court thoughtfully imposed and undermine the goals of just punishment and general deterrence that largely undergirded it. The Court has similarly ruled in other cases involving applications for release by inmates who were relatively early in their terms of imprisonment.[7]

Accordingly, finding that the § 3553(a) factors are inconsistent with the termination of Nissen's prison sentence, the Court denies Nissen's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

---

[6] *See, e.g.*, *United States v. Jasper*, Dkt. 18 Cr. 390 (PAE), Dkt. 441 (S.D.N.Y. April 6, 2020) (defendant had served all but 34 days of a 4-month sentence and had an immune-inflammatory disease); *United States v. Hernandez*, No. 18 Cr. 834 (PAE), Dkt. 451 (S.D.N.Y. April 2, 2020) (defendant was scheduled for release in four months and had asthma); *United States v. Knox*, 15 Cr. 445 (PAE), Dkt. 1078 (S.D.N.Y. April 2, 2020) (defendant was eligible for home confinement in two weeks' time).

[7] *See, e.g.*, *United States v. Denard Butler*, No. 18 Cr. 834 (PAE), Dkt. 461 (S.D.N.Y. Apr. 7, 2020) (denying compassionate release motion for recently sentenced defendant with asthma and a cardiac condition who had only served 15 months in prison of 60-month sentence); *United States v. Credidio*, No. 19 Cr. 111 (PAE), Dkt. 62 (S.D.N.Y. Mar. 30, 2020) (for similar reasons, denying compassionate release motion for a defendant at heightened risk of COVID-19 who had served just two months of a 33 months sentence).

SO ORDERED.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　PAUL A. ENGELMAYER
　　　　　　　　　　　　　　　　　　　　　United States District Judge

Dated: May 22, 2020
　　　　New York, New York