

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 15, 2021

**BY ECF**

The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    **United States v. Jason Nissen,**
             **17 Cr. 477 (PAE)**

Dear Judge Engelmayer:

      The Government respectfully submits this letter in response to the Court's Order dated January 11, 2021 requesting the Government's position on the application by Credit Cash NJ LLC ("Credit Cash") and Entrepreneur Growth Capital LLC ("EGC") for an interlocutory sale of 82 Woodhollow Road, Roslyn Heights, New York 11557 (the "Subject Property"). (Dkt. 124).

    **I.**    **Background**

      On or about December 10, 2019, the Court entered a Preliminary Order of Forfeiture as to Substitute Asset forfeiting the ownership interest of Jason Nissen (the "defendant") in the Subject Property (the "Substitute Asset Order"). (Dkt. 92).

      On or about January 10, 2020, both Credit Cash and EGC filed petitions asserting interests in the Subject Property as a result of the $1,000,000 and $1,900,000 recorded mortgages against the Subject Property executed and personally guaranteed by the defendant and Haydee Nissen ("Nissen"). (Dkt. 93-94). On or about February 21, 2020, Nissen filed a petition asserting an interest in the Subject Property and that she owned the Subject Property in a tenancy by the entireties with the defendant. (Dkt. 97-98).

      On or about November 27, 2020, EGC and Credit Cash filed a motion for an interlocutory sale of the Subject Property (the "Motion"). (Dkt. 117). On or about December 18, 2020, Nissen filed an opposition to the Motion. (Dkt. 121).

## II.     The Government's View of Nissen's Defenses to Forfeiture

Nissen asserts that she is an "innocent owner" pursuant to Title 18, United States Code, Section 983(d), based on her status as a tenant by the entirety with the defendant. She argues that therefore the Subject Property should be excluded from the Substitute Asset Order. Section 983(d) is a defense to a civil forfeiture action, however, and the authority on which Nissen relies is in the civil forfeiture context. As this is a criminal forfeiture proceeding, that authority is inapplicable here. While it is true that Nissen's interest in the Subject Property has not been forfeited, the defendant's interest has been, and so the United States and Nissen each have an equal interest in the Subject Property, subject to the interests of Credit Cash and EGC. Accordingly, as set forth below, if the Subject Property had any remaining value after accounting for the Credit Cash and EGC interests, the Government believes the Court would properly divide it with half going to Nissen, and half to the United States.

Pursuant to Title 21, United States Code, Section 853(n), the only avenue for a third party to contest the criminal forfeiture of property by the Government is to assert an interest by filing a petition within 30 days after the final publication of notice.[1]  21 U.S.C. § 853(n)(2); *DSI Assocs. LLC v. United States*, 496 F.3d 175, 183 (2d Cir. 2007) ("It is . . . well settled that section 853(n) provides the exclusive means by which a third party may lay claim to forfeited assets—after the preliminary forfeiture order has been entered."). 18 U.S.C. § 983, by contrast, provides the procedural rules for *civil* forfeiture proceedings, and is not applicable in an ancillary proceeding such as a criminal forfeiture matter.

Under 21 U.S.C. § 853(n)(6)(A), "a petitioner can establish, by a preponderance of the evidence, that he has a legal interest in the property that 'renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in [him] rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts' giving rise to the forfeiture.'"[2]  *United States v. Madoff*, No. 09 Cr. 213, 2012 WL 1142292, at *3 (S.D.N.Y. Apr. 3, 2012) (quoting 21 U.S.C. § 853(n)(6)(A)). While courts look to federal law to determine whether a property is forfeitable, courts look to state law to determine a petitioner's legal interest in the contested property. *United States v. Madoff*, 826 F. Supp. 2d 699, 703 (S.D.N.Y. 2011).

---

[1] The Government filed a Notice of Publication on December 21, 2020, evidencing the intent of the Government to forfeit the Defendant's interest in the Subject Property. (Dkt. 122). The Notice of Publication attached a notice of criminal forfeiture and the advertisement certification report, which indicated that the notice of criminal forfeiture was posted on an official government internet site (www.forfeiture.gov) beginning on March 19, 2020, for thirty consecutive days, through April 17, 2020, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions. (*Id.*).

[2] 21 U.S.C. § 853(n)(6)(B) provides a second basis to contest the forfeiture as a *bona fide* purchaser without reason to know the property was subject to forfeiture. This section, however, has no applicability in these circumstances.

Here, the Government acknowledges that Nissen has a vested interest in the Subject Property under New York law as an owner by tenancy by the entireties. Under New York law, a tenancy by the entirety is a form of real property ownership available only to parties married at the time of the conveyance. *Kahn v. Kahn,* 43 N.Y.2d 203, 207 (N.Y. 1977). As tenants by the entirety, both spouses enjoy an equal right to possession of and profits yielded by the property. *Neilitz v. Neilitz,* 307 N.Y. 882 (N.Y. 1954). Accordingly, prior to the forfeiture, the defendant and Nissen had an equal interest in the Subject Property. Upon entry of the Substitute Asset Order, however, all of the defendant's right, title, and interest in the Subject Property was forfeited to the United States. When tenants by the entirety cease to be married by divorce, annulment, or legal separation, the tenancy by the entirety converts to a tenancy in common in which each party hold an undivided one-half interest in the property. *See Goldman v. Goldman*, 95 N.Y.2d 120, 122 (N.Y. 2000); *see also Deitz v. Deitz*, 664 N.Y.S.2d 868, 868-69 (N.Y. App. Div. 1997) ("The parties ultimately divorced . . . and, as a result, their tenancy by the entirety was converted into a tenancy in common . . . giving each party an undivided one-half interest in the property.").

The forfeiture of the defendant's interest in the Subject Property has terminated the tenancy by the entirety between the defendant and Nissen, and a new tenancy by the entirety cannot exist between the United States and Nissen because the United States is not Nissen's spouse. This is entirely different from the context of an *in rem* civil forfeiture action, in which the Government seeks to forfeit the property as a whole and the tenancy by the entirety is never severed by the forfeiture of one spouse's interest. *See United States v. Fleet*, 498 F.3d 1225, 1230-31 (11th Cir. 2007) (rejecting in criminal forfeiture context prior Circuit precedent holding tenancy by the entirety could not be forfeited in civil forfeiture proceeding). Section 853 does not expressly address the consequences of the severance of a tenancy by the entirety through the forfeiture of one spouse's interest, and no court in the Second Circuit has ruled on it.[3] The situation, however, is directly analogous to a divorce between the owners of a tenancy by the entirety and, therefore, a similar conversion into a tenancy in common should apply. *See United States v. Totaro*, 345 F.3d 989, 999 (8th Cir. 2003) (recommending this approach on remand). Accordingly, if it becomes necessary to rule on their respective interests in the Subject Property, the Court should find that the United States and Nissen each possess an equal undivided fifty percent interest in the Subject Property.[4]

---

[3] The sole court in the Second Circuit to consider a similar question is *United States v. Wolf*, in which the district court granted the Government's motion to dismiss the claim of the defendant's wife as to the portion of the equity in a North Carolina tenancy by the entirety that represented proceeds of the offense. 375 F. Supp. 3d 428, 436-37 (S.D.N.Y. 2019). The court denied the motion to dismiss with respect to a substitute asset claim for half of the remaining equity value of the property, suggesting that something other than an even split might be appropriate, but without prejudice to the Government seeking such forfeiture at the merits stage. *Id*. at 440.

[4] The Court need not reach this question, however, in the likely event that the superior mortgage interest of EGC and Credit Cash is greater than the value of the Subject Property, which would leave nothing for Nissen and the United States to divide.

### III.  Ownership by Tenancy by the Entireties Does Not Prevent a Sale

Nissen's co-ownership of the Subject Property with the defendant does not prevent the Court from ordering a sale of the property.  Under Federal Rule of Criminal Procedure 32.2(b)(7), "at any time before entry of a final forfeiture order, the court, in accordance with Supplemental Rule G(7) of the Federal Rules of Civil Procedure, may order the interlocutory sale of property alleged to be forfeitable."  Pursuant to Rule G(7)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, a court may order an interlocutory sale if, among other things, "the expense of keeping the property is excessive or is disproportionate to its fair market value," "the property is subject to a mortgage or to taxes on which the owner is in default" or for "other good cause."  Supplemental Rule G(7)(b)(i); *see also United States v. King*, No. 10 Cr. 122 (JGK), 2010 WL 4739791, at *1 (S.D.N.Y. Nov. 12, 2010).  Here, the property is not only alleged to be forfeited, but it is also undisputed that the defendant's equal interest in the property *has* been forfeited to the United States.  Accordingly, it is subject to interlocutory sale if the Court finds good cause to order such a sale.

To the extent Nissen argues that state law prohibits such a sale of a tenancy by the entirety, that is superseded by federal forfeiture law.  While state law establishes Nissen's and the United States' respective interests in the property, federal law controls the consequences once those interests are established.  *See United States v. BCCI Holdings (Luxembourg), S.A.*, 961 F. Supp. 287, 293 (D.D.C. 1997) ("Although the existence and nature of [a petitioner's] legal interest in the property is determined by reference to state law, federal law provides the rule of decision in determining the consequences of such an interest.") (citing *United States v. Nat'l Bank of Commerce,* 472 U.S. 713, 722, 727 (1985); *United States v. Lester,* 85 F.3d 1409, 1412 (9th Cir. 1996); *United States v. Infelise,* 938 F. Supp. 1352, 1357 (N.D. Ill. 1996)); *see also United States v. Craft*, 535 U.S. 274, 278-79 (2002) (holding that state law determines which collection of rights a person possesses, while federal law determines of the consequences of those rights under federal tax lien statute).  In light of the forfeiture of the defendant's interest, federal law unquestionably provides for the sale of the Subject Property, under both Rule 32.2 and Section 853(g).  This is true notwithstanding Nissen's continuing interest in the property.  *See United States v. Peterson*, No. 04 Cr. 752 (DC), 2016 WL 11591778, at *3 (S.D.N.Y. Sept. 26, 2016), aff'd sub nom. *United States v. Crew*, 704 F. App'x 30 (2d Cir. 2017) (ordering sale of real property notwithstanding resident spouse's interest in the property).  Accordingly, there is no bar to a sale of the property.

### IV.  EGC and Credit Cash Application for a Sale is Appropriate

The Government believes that the sale requested by EGC and Credit Cash is appropriate.  The Government agrees that EGC and Credit Cash have first priority secured mortgages on the Subject Property, and as such, their interest in the Subject Property is superior to the Government's interest.  Nissen does not appear to deny that she is neither making payments towards the mortgages of EGC and Credit Cash nor paying outstanding property taxes.  The value of the property is thus being allowed to depreciate, and could ultimately render it subject to a tax sale.  As cited above, Rule 32.2(b)(7) permits the Court to order an interlocutory sale to prevent the depreciation of a forfeitable asset.  An interlocutory sale is warranted where the party contesting forfeiture is failing to take the necessary steps to preserve the value of the property by failing to

make required payments. *See United States v. Smith*, No. 08 Cr. 31 (JMH), 2010 WL 4962917, *2 (E.D. Ky. Dec. 1, 2010); *King*, 2010 WL 4739791, at *1.

Nissen argues that EGC and Credit Cash are required to pursue a state court foreclosure instead of seeking relief in this ancillary proceeding. There is no basis for such a requirement. Third party mortgage holders are entitled to pursue their claims to property in an ancillary proceeding in the same manner as owners like Nissen. That pursuit includes seeking a sale where, as here, such a sale is necessary to avoid depreciating the value of the property to all interest holders.

          Respectfully submitted,

          AUDREY STRAUSS  
          Acting United States Attorney  
          for the Southern District of New York

By:   s/                           
     Lara Pomerantz  
     Assistant United States Attorney  
     (212) 637-2343