UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

JASON NISSEN,

Defendant.

17 Cr. 477 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

Today the Court received the attached letters from counsel for Taly USA Holdings, Inc. and SSL USA Holdings, LLC in connection with the issue pending before the Court as to the forfeiture of Jason Nissen's interest in the real property located at 82 Woodhollow Road, Roslyn Heights, NY 11557 ("the Property").  See Dkts. 94–97, 100, 117, 121, 123.

SO ORDERED.

_____
Paul A. Engelmayer
United States District Judge

Dated: January 15, 2021
       New York, New York

# MorrisonCohen LLP

Christopher Milito
Partner
(212) 735-8769
cmilito@morrisoncohen.com

January 15, 2021

**BY ELECTRONIC MAIL**

The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

   Re:   United States v. Jason Nissen
           17 Cr. 477 (PAE)

Dear Judge Engelmayer:

Our firm represents Taly USA Holdings, Inc. and SLL USA Holdings, LLC (together, "Taly"). After conferring with counsel for the moving party party, we write to clarify our letter sent earlier today. While Taly reserves what rights it has in the New York State court action against Mr. Nissen and the Property, it does not oppose the issuance of the requested order.

Thank you.

Respectfully yours,

Christopher Milito

Copy to:     dhw@dhclegal.com; mb@bhlawfirm.com; alan.schoenfeld@wilmerhale.com; jlevitin@cahill.com; hw@bhlawfirm.com; Lara.Pomerantz@usdoj.gov; russell.capone@usdoj.gov; levinsc@sullcrom.com

# MorrisonCohen LLP

Christopher Milito
Partner
(212) 735-8769
cmilito@morrisoncohen.com

January 15, 2021

**BY ELECTRONIC MAIL**

The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

 Re: United States v. Jason Nissen
    17 Cr. 477 (PAE)

Dear Judge Engelmayer:

Our firm represents Taly USA Holdings, Inc. and SLL USA Holdings, LLC (together, "Taly"), two of the largest victims of Jason Nissen's Ponzi scheme. The Court may recall that it was Taly who first reported Mr. Nissen to the authorities and cooperated with the Federal Bureau of Investigation and the United States Attorney's Office to provide evidence that led to Mr. Nissen's arrest and subsequent conviction.

We understand that the Court is considering the motion of Credit Cash NJ, LLC and Entrepreneur Growth Capital LLC for an order authorizing the sale of Jason Nissen's ownership interest in the real property located at 82 Woodhollow Road, Roslyn Heights, NY 11557 (the "Property").

We write to advise the Court and the interested parties of certain items relevant to the disposition of the Property.

On May 26, 2017, Taly commenced an action against Mr. Nissen in the Supreme Court in and for New York County. That same day, the Honorable O. Peter Sherwood issued a preliminary order of attachment against all of Mr. Nissen's property, including the real Property that is the subject of this motion. Justice Sherwood confirmed that attachment in a subsequent order dated June 5, 2017 (the "Attachment Order" – attached as Exhibit A). The Attachment Order secured the amount of $25 million and directed the sheriff of any county in the State of New York to "attach, levy upon and seize" Mr. Nissen's assets. The Attachment Order was delivered to the Nassau County sheriff on or about June 1, 2017 and the Property was levied upon. As a consequence of the Attachment Order, no sale of the Property is permitted, as it has been seized and levied upon by the Nassau County Sheriff.

**Morrison**Cohen LLP

Honorable Paul A. Engelmayer
January 15, 2021
Page 2

Just this morning the New York County Clerk entered another Decision and Order, issued by Justice Sherwood on January 14, 2021 (attached as Exhibit B). That Decision granted Taly's motion for a judgment against Mr. Nissen in the approximate amount of $22 million. That decision will be converted to a judgment in short order and will become an additional lien on the already-levied-upon Property.

We hope that the Court finds this information helpful.

Thank you.

Respectfully yours,

*[signature]*

Christopher Milito

Copy to:   dhw@dhclegal.com; mb@bhlawfirm.com; alan.schoenfeld@wilmerhale.com; jlevitin@cahill.com; hw@bhlawfirm.com; Lara.Pomerantz@usdoj.gov; russell.capone@usdoj.gov; levinsc@sullcrom.com

Encl.

**EXHIBIT A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------X

TALY USA HOLDINGS INC., and
SLL USA HOLDINGS, LLC,

                          Plaintiffs,

-against-

JASON NISSEN,
NATIONAL EVENTS OF AMERICA, INC.,
NATIONAL EVENTS INTERMEDIATE LLC,
NATIONAL EVENTS HOLDINGS LLC,
NATIONAL EVENT COMPANY II LLC,
NATIONAL EVENT COMPANY III, LLC,
WORLD EVENTS GROUP II, LLC,
NEW WORLD EVENTS GROUP, INC., and
WINTER MUSIC FESTIVALS LLC,

                          Defendants.
---------------------------------------------------------------X

Index No.: 652865/2017

**ORDER OF ATTACHMENT**

MOTION SEQUENCE # 003

At the Commercial Division Support Office of the Supreme Court of the State of New York, held in and for the County of New York at the County Court House, on the _____ day of _____, 19___

Present:
_____
                          Justice

**TO THE SHERIFF OF ANY COUNTY OF THE STATE OF NEW YORK OR THE CITY OF NEW YORK:**

       Plaintiffs Taly USA Holdings Inc. and SLL USA Holdings, LLC (together, "Plaintiffs") having moved pursuant to Article 62 of the New York Civil Practice Law and Rules for an order of attachment directing the sheriff of any county in the State of New York or of New York City to attach and levy upon all property in the custody of or belonging to (i) Jason Nissen ("Nissen") having an address of 82 Woodhollow Road, East Hills, New York; (ii) National Events of America, Inc. ("NEA") having an address of 1430 Broadway, 7th Floor, New York, NY; and/or (iii) New World Events Group Inc. ("NWE", and together with NEA and Nissen, the "Nissen Defendants") having an address of 1430 Broadway, 7th Floor, New York, NY; and as well as such property in the custody of the Nissen Defendants' garnishees;

NOW, upon the reading of the Emergency Affirmation of Christopher Milito, Esq., dated May 26, 2017, (the "Milito Affirmation") and the exhibits annexed thereto, the accompanying Affidavit of Yaron Turgeman, sworn to on May 26, 2017, (the "Turgeman Affidavit") and the exhibits annexed thereto, the accompanying Verified Complaint, and upon all of the pleadings and proceedings heretofore had herein, from which it appears to this Court's satisfaction that Plaintiffs have a cause of action for a money judgment against the Defendants for no less than $25,000,000.00, that the Nissen Defendants have no counterclaims against Plaintiffs, that Plaintiffs are likely to succeed on the merits, and that Plaintiffs are entitled to an Order of Attachment against the property of the Nissen Defendants for $25,000,000.00, plus interest, costs of this action, and Sheriff's fees and expenses, to be secured by this Order of Attachment, on the grounds that the Nissen Defendants, with intent to defraud Plaintiffs and frustrate the enforcement of any judgment which Plaintiffs might secure in this action, have or are about to assign, dispose of, encumber, and secrete property, or remove property from the State;

**IT IS HEREBY:**

**ORDERED,** that an Order of Attachment be and the same is hereby granted, without notice; and it is further

**ORDERED,** that the amount to be secured by this Order of Attachment, including any interest, costs, and sheriff's fees and expenses shall be $25,000,000.00; and it is further

**ORDERED,** that Plaintiffs shall post with the Court either cash or an undertaking in the amount of $30,000 forthwith; and it is further

**ORDERED,** that the Sheriff of the City of New York or any county in the State of New York shall, attach, levy upon and seize, at any time before final judgment, upon such property in which any of the Nissen Defendants has an interest and upon such debts owing to the Nissen Defendants (the "Assets"), as will satisfy $25,000,000.00, including but not limited to:

1. monies in the possession of garnishees Citibank N.A. and Wells Fargo, including but not limited to the following bank accounts:

    a. NEA's CitiBank account number 4995558376;
    b. NEA's Wells Fargo account number ending in 9349;
    c. Nissen's Citibank account number 4990497834;
    d. Nissen's Citibank account number ending in 6002; and,
    e. NWE's Citibank account number ending in 8421;

2. monies, bonds, securities, and any other form of investment or property held in Nissen's, NEA's or NWE's name, either individually or jointly, by any banking or other institution as well as any property held in any safe deposit boxes;

3. Nissen's stocks/shares in New World Events Group Inc.;

4. Nissen's stocks/shares in National Events of America, Inc.;

5. National Events of America, Inc.'s membership interests in National Events Holdings LLC;

6. Defendant Nissen's real property located at 82 Woodhollow Road, East Hills, New York; and

7. Defendant Nissen's real property located at 135 Monterey Drive, Manhasset Hills, New York,

and it is further

**ORDERED,** that the Sheriff of the City of New York or any county in the State of New York shall hold and safely keep all funds paid, delivered, transferred, or assigned to him or her, for the purpose of securing and satisfying any judgment recovered by Plaintiffs herein, together with interest, costs, disbursements and reasonable Sheriff's fees, and that the Sheriff


OPS

3

proceed herein in the manner and make his return within the time prescribed by law; and it is further

**ORDERED,** that Plaintiffs shall serve this Order on any proper garnishee and that such service shall not be deemed a violation of this Court's May 26, 2017 sealing order; and it is further

**ORDERED,** that within a period not to exceed ~~ten~~ *two* days of the date of this Order, Plaintiffs shall file a copy of this Order, and the papers upon which it was based. This Order shall be invalid if, not so filed; and it is further

**ORDERED,** that within five days of levy under this Order, Plaintiffs shall move to confirm this Order, on __2__ days' notice to the Nissen Defendants, the Sheriff and any garnishees; and it is further *such order shall be returnable on 6/5/17 at 11:00 AM at 60 Centre Street, NY, NY, Part 49, Room 252*

*OPS*

**ORDERED,** that the Nissen Defendants, all persons acting in concert with them, under their control and any of their garnishees, are hereby enjoined and restrained from withdrawing, transferring, pledging, encumbering, assigning, dissipating, concealing, or otherwise disposing of any portion of the Assets, whether in any of the Nissen Defendants' name or held for any of the Nissen Defendants' direct or indirect beneficial interest, to any person other than the Sheriff, except upon direction of the Sheriff or pursuant to a court order; and it is further

*OPS*

**ORDERED,** that all persons served with this Order of Attachment shall be and hereby are forbidden to make or suffer any sale, assignment or transfer of any property in which the Nissen Defendants have an interest as will satisfy $25,000,000.00, or pay over or otherwise dispose of any portion of the Assets, to any person other than the Sheriff, except upon direction of the Sheriff or pursuant to a court order; and it is further

NYSCEF DOC. NO. 24

FILED: NEW YORK COUNTY CLERK 06/01/2017

Case 1:17-cv-04177-AJN Document 20-1 Filed 05/15 Page 10 of 16

INDEX NO. 652865/2017
RECEIVED NYSCEF: 06/06/2017
RECEIVED NYSCEF: 06/01/2017

**ORDERED,** that all garnishees upon whom a copy of this Order is served are directed to serve the statement required by CPLR § 6219, by hand or overnight delivery upon the Sheriff and Christopher Milito, Esq. of Morrison Cohen LLP, located at 909 Third Avenue, New York, New York 10022, counsel for Plaintiffs, within ~~five (5)~~ three(3) days after levy.

Dated: New York, New York
May 30, 2017

ENTER:

O. PETER SHERWOOD
J.S.C.

Order of attachment confirmed
per transcript dated 6/5/17.

O. PETER SHERWOOD  6/5/17
J.S.C.

# EXHIBIT B

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: HON. O. PETER SHERWOOD　　　PART　　IAS MOTION 49EFM

*Justice*

-----------------------------------------------------------------X

TALY USA HOLDINGS INC. and SLL USA HOLDINGS, LLC,

　　　　　　　　　　　　　　　　Plaintiffs,

　-against-

JASON NISSEN, NATIONAL EVENTS OF AMERICA, INC., NATIONAL EVENTS INTERMEDIATE LLC, NATIONAL EVENTS HOLDINGS LLC, NATIONAL EVENTS COMPANY II LLC, NATIONAL EVENT COMPANY III, LLC, WORLD EVENTS GROUP II, LLC, NEW WORLD EVENTS GROUP, INC., and WINTER MUSIC FESTIVAL LLC,

　　　　　　　　　　　　　　　　Defendants.

-----------------------------------------------------------------X

INDEX No.: 652865/2017

MOT. DATE: 7/24/2019

MOT. SEQ. No.: 007

DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 007) 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145 were read on this motion to/for　　　DEFAULT JUDGMENT

Under motion sequence 007, plaintiffs move for a default judgment against defendant Jason Nissen (Nissen) for a fourth time on the first and fifth causes of action. On the first cause of action for fraud, plaintiffs' previous application was denied because submission of testimony from a federal court proceeding where defendant Nissen admitted to fraud was not collateral to the contract at issue here. On the fifth cause of action for breach of contract relating to two guarantees of payment executed by Nissen, plaintiffs' previous application was denied because plaintiffs failed to cure the specific deficiencies identified by the court in motion sequence 005. Specifically: (i) Nissen did not execute one of the notes at issue and it contained no guarantee, (ii) plaintiffs provided no evidence of defendant's payment history beyond general allegations in the complaint's sole exhibit (Complaint, Ex. A [Doc. No. 1]) which lacks sufficient foundation, and (iii) plaintiff's summary of defendant NEA's payments under these contracts do not specify which contracts or notes those payments have gone to (Doc. No. 96).

1

Plaintiffs here begin by noting that the complaint has been verified by Yaron Turgeman, plaintiff's principal who has personal knowledge of this matter (Pl. Aff. ¶ 3 [Doc. No. 130]). Next, with regard to the fraud claim, plaintiffs argue that Nissen's fraudulent statements were made outside of the contracts to induce plaintiffs into making a series of loans evidenced by promissory notes (*id.* ¶ 4). Here, plaintiffs note they only seek to collect on three March 1, 2017 notes under their fraud claim: (i) a note in the amount of $10 million (Ex. D [Doc. No. 134]), (ii) a note in the amount of $8 million (Ex. E [Doc. No. 135]), and a note in the amount of $810 thousand (Ex. F [Doc. No. 136]). Plaintiffs argue that the March 1, 2017 date is pivotal here as plaintiffs did not advance new funds for these three notes on this date but, instead, these amounts were already due to plaintiffs under a series of prior loans made to Nissen's company which were payable on February 23, February 28, and March 1, 2017 (Ex. G, [the "Prior Notes"] [Doc. No. 137]; Pl. Aff. ¶ 5). On March 1, 2017, Nissen visited plaintiffs to say he was unable to repay the Prior Notes on their due dates as he had already re-invested the funds due to plaintiffs into a new set of tickets to the NCAA March Madness Tournament (Pl. Aff. ¶ 5). Nissen suggested executing a new set of promissory notes which would encompass the amounts due to plaintiffs on February 23, February 28, and March 1, 2017 in order to avoid having plaintiffs exercise their rights under the Prior Notes (*id.* ¶ 6). In inducing plaintiffs to enter into these new notes, however, plaintiffs argue that Nissen made a false statement of present fact by saying he had re-invested the money from the Prior Notes into the March Madness tickets (*id.*). This, plaintiffs argue, is the fraud complained of (*id.*).

As to the breach of contract claim, plaintiffs argue that the post-March 1, 2017 payments that are listed as Exhibit A to the complaint are unrelated to the three notes at issue here and are, instead, repayments of prior loans and advances as, even after March 1, 2017, Nissen convinced plaintiffs to make additional advances totaling $3.76 million (*id.* ¶ 7; Ex. H). Plaintiffs argue the vagueness created by Nissen's dealing should not allow him to escape judgment.

Defendant argues, in opposition, that plaintiffs have failed to cure any of the deficiencies previously identified by the court (Doc. No. 139). As to the fraud claim, defendant argues that plaintiffs have still not identified any misrepresentation of present facts by Nissen that were collateral to the contract and which induced plaintiffs into entering the notes (Def. Aff. ¶¶ 8-10; *Orix Credit All., Inc. v R.E. Hable Co.*, 256 AD2d 114, 115 [1st Dept 1998]). Defendant advises that all three Notes state that "The Maker shall use the Principal Amount to purchase tickets to the Basketball March Madness Tournament" (Def. Aff. ¶ 10; Pl. Aff., Exs. D-F at § 1). Defendant

2

argues the alleged misrepresentation made by Nissen was not "collateral or extraneous to" the notes as Nissen's alleged misrepresentation regarding how the money would be used is explicitly incorporated into the contracts (Def. Aff. ¶ 11; see *Gupta Realty Corp. v Gross*, 251 AD2d 544, 545 [2d Dept 1998] ["[T]he alleged misrepresentations were not collateral or extraneous to the contract since they were expressly incorporated into the mortgage modification agreement"]). Defendant notes that this court's previous decisions have rejected plaintiffs' prior arguments regarding the fraud claim for this same reason, noting that "[h]owever, plaintiffs also allege that each contract contained that same representation as one of its terms" (Def. Aff. ¶¶ 12-14; Decision and Order [Doc. No. 96]).

Regarding the breach of contract claim, defendant argues that plaintiffs' complaint seeks judgment on two guarantees relating to four contracts between plaintiffs and defendant National Events of America, Inc. ("NEA"), one of defendant Nissen's companies (Def. Aff. ¶ 16). Defendant argues that plaintiffs' failure to properly account or attribute defendant's previous repayments makes plaintiffs' assertion, that any payments made after March 1, 2017 did not apply to the notes at issue here, unavailing and without credibility (Def. Aff. ¶¶ 17-21). Defendant notes that this court's prior decision held the same, stating that "Exhibit A to the verified complaint, purportedly summarizes NEA's payments under these contracts, but plaintiffs have not provided sufficient foundation for this document" (Decision and Order [Doc. No. 96]). Defendant further argues that plaintiffs have failed to produce a signed version of one of the notes at issue in the amount of $810,000 (Def. Aff. ¶¶ 24-26; Pl. Aff., Ex. F).

Defendant finally argues that plaintiffs have failed to establish that Nissen was properly served as the two affidavits of service in plaintiffs' moving papers are merely an affidavit of mailing pursuant to CPLR 3215(g) (Milito Aff., Ex. B [Doc. No. 127]) and service on Nissen's criminal attorney (Milito Aff., Ex. A [Doc. No. 126]) (Def. Aff. ¶¶ 31-36; *Broman v Stern*, 172 AD2d 475, 476 [2d Dept 1991]).

In reply, plaintiffs argue that defendant failed to offer a reasonable excuse for his default and, consequently, the court here must ignore the remainder of Nissen's arguments (Pl. Reply ¶ 1 [Doc. No. 144]; *Galaxy Gen. Contr. Corp. v 2201 7th Ave. Realty LLC*, 95 AD3d 789, 790 [1st Dept 2012]). Plaintiffs further argue that defendant's claimed defenses are not meritorious. As to the service issue, plaintiffs argue that Nissen's criminal attorney affirmed that he was authorized to accept service of the complaint by Nissen and, consequently, any reliance on *Broman v Stern* is

inapposite (Pl. Reply ¶ 4, Ex. A [Doc. No. 145]). Plaintiffs next argue that Nissen's statement that he had already used the money from the Prior Notes to purchase March Madness tickets is collateral and extraneous to the notes at issue here because the notes say that he "shall use" the money to purchase the tickets (Pl. Reply ¶¶ 5-6). Plaintiffs argue that this was a misrepresentation of a present fact which is the essence of a fraud claim (*id.*). Plaintiffs argue that the unsigned note for $810,000 does not present a meritorious defense to either its fraud claim or its guaranty claims (*id.* ¶¶ 7-8). Plaintiffs argue that defendant cannot rely on his argument that plaintiffs failed to properly account for how payments were allocated as it is insufficient to defeat a default motion and is a "trial-type burden of proof" (*id.* ¶ 9). Plaintiffs argue Nissen's opposing papers do not contest the debts evidenced by the notes and that, if this is a computational question, the court should grant the motion and refer the matter to a referee for a hearing on the amount of owed (*id.* ¶ 10).

Regarding service of process on Mr. Nissen, the affirmation of his criminal defense lawyer that Nissen had authorized him to accept service of the Summons and Complaint and that he accepted service on his behalf (Doc. No. 145, ¶ 2), is sufficient to resolve the issue of proper service (*see also*, affidavits of service of the Summons and Complaint, Doc. Nos. 126 and 127).

CPLR 3215 (a) provides that "[w]hen a defendant has failed to appear, plead or proceed to trial of an action reached and called for trial, . . . the plaintiff may seek a default judgment against him" (CPLR 3215 [a]). A judgment by default requires "proof of service of the summons and the complaint . . . and proof of the facts constituting the claim, the default and the amount due by affidavit made by the party," or a verified complaint (CPLR 3215 [f]; *Zelnik v. Bidermann Indus. U.S.A., Inc.*, 242 AD2d 227, 228 [1st Dept 1997]). "The standard of proof is not stringent, amounting only to some firsthand confirmation of the facts" (*Feffer v Malpeso*, 210 AD2d 60, 61 [1st Dept 1994]). A complaint verified by plaintiffs' principal who avers he has personal knowledge of the facts has been filed in this case. Accordingly, the court may consider facts set forth in the verified complaint along with other facts submitted on the motion.

As to the fraud claim against defendant Nissen, plaintiffs' motion once again fails. As defendant notes, this court previously found that Nissen's alleged fraudulent statement was not collateral or extraneous. The notes at issue contain language providing for use of the proceeds to purchase March Madness tickets (Decision and Order at 2 [Doc No. 96]). Plaintiffs' current argument, that Nissen had in fact already had the money and had spent it on the March Madness

4

tickets before entering into the notes at issue, does not show that this alleged misrepresentation is collateral to the parties' contracts. The facts presented show the opposite. Plaintiffs submit an affidavit signed by Guy Tanne, their chief financial officer who states with respect to the notes at issue that "plaintiffs did not advance new funds for these three notes" (Aff'd of Guy Tanne, ¶ 5, Doc. 130). Each note provides at ¶ 1 "Use of Proceeds. The Maker shall use the Principal Amount to purchase tickets to the Basketball March Madness Conference Tournaments" (Doc. Nos. 134-136). Thus, the parties clearly intended in their contracts that the funds owed were to be used to purchase such tickets and the alleged misrepresentation cannot be viewed as collateral to the contracts.[1]

As to plaintiffs' breach of contract claim against Nissen, seeking enforcement of the guarantees of payment, the claim shall be sustained and may be enforced as to three notes dated March 1, 2017 in the principal amounts of $10 million, $8 million and $810,000 (*see* Kanne Aff'd, Ex. D, E & F, and Compl. ¶¶ 355-360; Doc. Nos. 134-136 and 132; *see also,* Doc. No. 93). Mr. Tanne appends a spreadsheet to his affidavit which he states tracks payments and disbursements relating to the series of loans made to NEA (*see* Tanne Aff'd ¶ 7, Doc. No. 130). He also states that the "post-March first payment [shown] are unrelated to the instant three notes claimed here but instead were the payment of prior loans and subsequent advances" *(id.)*. Having submitted sufficient proof, judgment shall be entered against defendant Jason Nissen on the Fifth Cause of Action.

Accordingly, it is hereby

**ORDERED** that plaintiffs' motion for default judgment is GRANTED as to the Fifth Cause of Action and is otherwise DENIED; and it is further

**ORDERED** that plaintiffs shall settle Judgment consistent with the previously submitted proposed judgment (Doc. No. 129) but limited to damages (including attorney fees) on the Fifth Cause of Action on five (5) business days notice.

| 1/14/2021 | *signature* |
|---|---|
| DATE | O. PETER SHERWOOD, J.S.C. |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |

---

[1] In the complaint, plaintiffs allege that "on March 1, 2017, Taly wired to NEA the sum of $670,000.00 to be used to purchase NCAA tickets" (Compl. ¶ 267, Doc. No. 132). Mr. Tanne refers to this item as an "advance" (Tanne Aff'd. ¶ 7, Doc. No. 130).