UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                      :

UNITED STATES OF AMERICA          :

                                                      :         ORDER OF
        -v.-                                 :         INTERLOCUTORY
                                                        :         SALE OF REAL PROPERTY

JASON NISSEN,                             :
                                                     :         17 Cr. 477 (PAE)
                              Defendant.          :
------------------------------------------------------------x
                                                       :
HAYDEE NISSEN                        :

        Third-Party Petitioner.     :
------------------------------------------------------------x
                                                       :
CREDIT CASH, NJ, LLC, and ENTREPENEUR  :
GROWTH CAPITAL, LLC,

        Third-Party Petitioners.   :
------------------------------------------------------------x

        WHEREAS, on or about August 1, 2017, JASON NISSEN (the "Defendant") was charged in a one-count Information, 17 Cr. 477 (PAE) (the "Information") with wire fraud, in violation of Title 18, United States Code, Section 1343 (Count One);

        WHEREAS, on or about March 28, 2018, the Defendant pled guilty to Count One of the Information, pursuant to an agreement with the Government, wherein the Defendant admitted to the forfeiture allegation with respect to Count One of the Information and agreed to forfeit, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, which constitutes or is derived from proceeds traceable to the offense charged in Count One of the Information;

        WHEREAS, on or about September 6, 2019, the Court entered a Consent

1

Preliminary Order of Forfeiture/Money Judgment (the "Order of Forfeiture") imposing a money judgment against the Defendant in the amount of $71,678,669.90 (the "Money Judgment");

WHEREAS, on or about December 10, 2019, the Court entered a Preliminary Order of Forfeiture as to Substitute Asset (the "Substitute Asset Order") forfeiting the Defendant's interest in the real property located at 82 Woodhollow Road, Roslyn Heights, NY 11557 (the "Subject Property");

WHEREAS, on or about January 10, 2020, Credit Cash NJ LLC ("Credit Cash") and Entrepreneur Growth Capital LLC ("EGC") filed petitions asserting interests in the Subject Property as a result of the recorded mortgages in the amount of $1,000,000 ("Credit Cash Mortgage") and $1,900,000 ("EGC Mortgage") against the Subject Property executed and personally guaranteed by the Defendant and Haydee Nissen;

WHEREAS, on or about February 21, 2020, Haydee Nissen filed a petition asserting an interest in the Subject Property;

WHEREAS, on or about November 27, 2020, EGC and Credit Cash filed a motion for an interlocutory sale of the Subject Property;

WHEREAS, on or about December 18, 2020, Haydee Nissen filed an opposition to the motion for an interlocutory sale of the Subject Property;

WHEREAS, on or about December 28, 2020, EGC and Credit Cash modified their request, asking the Court to delay the execution of the interlocutory sale until June 2021; and

WHEREAS, on or about January 19, 2021, the Court issued an order finding that an interlocutory sale of the Subject Property is warranted to preserve the value of the Subject Property pursuant to Federal Rule of Criminal Procedure 32.2(b)(7) and Rule G(7)(b)(i) of the

2

Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

NOW IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. EGC is authorized to sell the Subject Property in a commercially feasible manner to achieve the highest possible sale price for the Subject Property, which shall involve the listing of the Subject Property with a licensed real estate broker. The Government and Haydee Nissen shall be advised of the real estate broker selected by EGC and given a reasonable opportunity to comment on the selection prior to EGC completing the listing process.

2. Prior to listing the Subject Property, EGC shall provide an appraisal of the Subject Property to the Government and Haydee Nissen. The Government and Haydee Nissen shall have the option of providing their own appraisals for the Subject Property to EGC prior to determining a listing price for the Subject Property.

3. Upon the receipt of an offer from a potential buyer for the Subject Property, EGC shall provide notice to Haydee Nissen and the Government and shall not accept any offer that is less than two-thirds of the agreed appraised value.

4. The interlocutory sale of the Subject Property shall be deferred until June 15, 2021.

5. Haydee Nissen shall vacate the Subject Property, including all personal property, and turn all keys over to EGC on or before June 15, 2021 unless EGC agrees to permit Haydee Nissen to remain in the Subject Property pending the sale of the Subject Property.

6. In the event Haydee Nissen fails to vacate the Subject Property on or before June 15, 2021, EGC may seek from this Court a writ of assistance to evict Haydee Nissen.

7. Prior to June 15, 2021, Haydee Nissen shall cooperate with all reasonable

3

requests of EGC and others designated by EGC in connection with the interlocutory sale of the Subject Property, including the right to enter, inspect and/or appraise the Subject Property provided reasonable notice is given.

8. In furtherance of the interlocutory sale, the parties shall execute promptly any documents which may be required to complete the interlocutory sale of the Subject Property.

9. The net proceeds for the sale of the Subject Property will include all moneys realized from the sale of the Subject Property, except for the following:

   a. Any outstanding mortgages, including the mortgages held by EGC and Credit Cash;
   b. Real estate commissions, fees;
   c. All costs associated with the listing and sale of the Subject Property, including but not limited to appraisal fees, attorney's fees, and reasonable and customary closing fees;
   d. Any other real estate, property, transfer, association or other tax, which is due and owing at the time of the sale;
   e. Insurance costs;
   f. Escrow fees;
   g. Title fees; and
   h. County transfer fees.

To the extent any net proceeds remain from the sale of the Subject Property, such net proceeds shall be transferred to the United States Marshals Service to be deposited in the Seized Asset Deposit Fund pending the resolution in this matter.

10. The net proceeds realized from the sale of the Subject Property, and any and all income or interest accrued thereon, shall be held as a substitute res for the Subject Property. In any forfeiture proceedings, the net proceeds from the sale of the Subject Property shall be treated in all respects as though they are the Subject Property.

11. On or before February 19, 2021, Haydee Nissen shall (i) pay outstanding mortgage payments on the Subject Property; (ii) pay the outstanding taxes due on the Subject

4

Property (including 2020 property taxes) so to eliminate any liens or tax sale certificates on the Subject Property; and (iii) maintain insurance on the Subject Property.

12. Haydee Nissen shall file a declaration with the Court by February 19, 2021, certifying that the steps described in paragraph 11 above have been taken. Should these steps not be taken, the Court, on an application, may find good cause to accelerate the Property's sale date.

13. Beginning March 15, 2021 and continuing until June 15, 2021, Haydee Nissen shall pay all ongoing mortgage payments and taxes.

14. Haydee Nissen shall maintain the Subject Property in the same condition as the Subject Property is currently in, and shall not remove, destroy, alienate, transfer, detract from, remodel, or alter in any way, the Subject Property or any fixture, which is part of the Subject Property, reasonable wear and tear excepted.

15. The Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this interlocutory order, including jurisdiction and discretion to defer the sale date further if conditions at the time so justify, or to expedite the sale date if the steps described in paragraph 11 have not been taken.

Dated: New York, New York
       February 8, 2021

SO ORDERED:

*Paul A. Engelmayer*
HONORABLE PAUL A. ENGELMAYER
UNITED STATES DISTRICT JUDGE

5