UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-v-

JASON NISSEN,

Defendant.

---

17 Cr. 477 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

The Court has received a letter dated December 8, 2021, from counsel for third-party petitioner Entrepreneur Growth Capital ("EGC"). *See* Dkt. 154. Counsel represents that, pursuant to a provision in the Court's February 8, 2021 interlocutory sale order, Dkt. 134, EGC had until recently permitted Haydee Nissen and her children to remain in the property at 82 Woodhollow Road, Roslyn Heights, N.Y. 11557 (the "Subject Property") during discussions towards a potential resolution. However, counsel represents, these discussions have now proven unsuccessful, and EGC's agreement to allow Ms. Nissen to remain in the property expired on November 30, 2021. Counsel represents that EGC now intends to move forward with the sale of the Subject Property, as to which the interest of defendant Jason Nissen has been forfeited as a substitute asset. EGC asks that the Court issue an order affirming that the interlocutory sale order that it issued on February 8, 2021 for the property remains in effect, including the obligation of Ms. Nissen to vacate the Subject Property within five days of the Court's order.

On December 15, 2021, the Court received a response from counsel from Ms. Nissen asking the Court not to issue such an order. *See* Dkt. 158. Counsel represents that, since the interlocutory sale order, Ms. Nissen has paid $40,0000 towards outstanding real estate and $30,000 to EGC. Counsel further represents that, through counsel, Ms. Nissen has attempted in

good faith to sell the Subject Property and has executed a contract of sale with a purchaser, subject to the Court's approval. Counsel represents that, pursuant to this contract, EGC would stand to recover more from the sale of the Subject Property than it likely otherwise would. Counsel further argues that there are legal deficiencies in the interlocutory sale order. Finally, counsel argues that the recent spread of the Omicron strain of the COVID-19 pandemic counsels against an order that would compel Ms. Nissen and her children to leave the Subject Property on five days' notice.

To assure orderly consideration of the issues presented and to enable EGC to consider whether a sale of the Subject Property on the terms described by counsel for Ms. Nissen is realistic and worthy of pursuit, the Court directs ECG to respond by **Monday, January 10, 2022**. During this period, the Court expects Ms. Nissen to actively seek alternative housing, in the expectation of being ordered to vacate the Subject Property. To that end, the Court notifies Ms. Nissen that, in the event that EGC continues to pursue its rights under the interlocutory sale order and that the Court is persuaded by EGC's forthcoming responses to Ms. Nissen's arguments, it would then expect to soon issue an order along the lines of the draft order (Dkt. 154-1) prepared by EGC.

SO ORDERED.

                                                              PAUL A. ENGELMAYER  
                                                              United States District Judge

Dated: December 22, 2021  
       New York, New York